# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551159891

## Service of Process Transmittal Summary

**TO:** Legal Process Shared
U.S. Bancorp
U.S. BANCORP CENTER, 800 NICOLLET MALL
MINNEAPOLIS, MN 55402-

**RE:** **Process Served in Minnesota**

**FOR:** U.S. Bancorp (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Steven Van Liew // To: U.S. Bancorp |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Attachment |
| **COURT/AGENCY:** | Ramsey County - Second Judicial District Court, MN<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Inc., Saint Paul, MN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/20/2026 at 14:57 |
| **JURISDICTION SERVED:** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days of the date on which you received this Summons (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Daniel Gray Leland<br>LELAND CONNERS PLC<br>60 South Sixth Street, Suite 2800<br>Minneapolis, MN 55402<br>612-255-2255 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/21/2026, Expected Purge Date: 01/26/2026<br><br>Image SOP<br><br>Email Notification, Legal Process Shared legal.process@usbank.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System, Inc.<br>1010 Dale Street N<br>Saint Paul, MN 55117<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 20, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | U.S. BANCORP |
| Case Number | |
| Jurisdiction | MN |

| Inserts | | |
|---|---|---|
| | | |

## Business Record Details »

Minnesota Business Name
**U.S. BANCORP**

**Business Type**
Business Corporation (Foreign)

**MN Statute**
303

**File Number**
5862

**Home Jurisdiction**
Delaware

**Filing Date**
04/19/1929

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117-5603
USA

**Registered Agent(s)**
C T Corporation System Inc

**Chief Executive Officer**
Gunjan Kedia
800 NICOLLET MALL
MINNEAPOLIS, MN 55402-7000
USA

**Comments**
Copies in Drawer

Filing History

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

| ☐ | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 04/19/1929 | Amendment - Business Corporation (Foreign) | |
| ☐ | 04/19/1929 | Original Filing - Business Corporation (Foreign) | |

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. __________
Judge: __________

Case type: Employment

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

LELAND CONNERS PLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
(612) 255-2255

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the

Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*
Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT

---

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. ___________
Judge: ___________

Case type: Employment

**COMPLAINT AND JURY DEMAND**

---

The Plaintiff, Steven Van Liew, for his Complaint against Defendants, states and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff, Steven Van Liew ("Plaintiff"), is a natural person who resides in the State of Minnesota.

2. Defendant U.S. Bancorp is a Delaware business corporation licensed to do business in Minnesota.

3. Defendant U.S. Bancorp's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

4. Defendant U.S. Bancorp Asset Management, Inc., (USB Asset Management) is a Delaware Corporation licensed to do business in Minnesota.

5. Defendant USB Asset Management's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

6. PFM Asset Management, (PFM) is an assumed name owned by USB Asset Management.

7. Defendant Elavon, Inc. (Elavon) is a Georgia business corporation licensed to do business in Minnesota.

8. Defendant Elavon, Inc.'s registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

9. At all times relevant to this Complaint, Plaintiff and Defendants were "eligible employee" and "employer," respectively within the meaning of the federal Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq.*

10. At all times relevant to this Complaint, Plaintiff performed work for and received work instruction from Defendants.

11. At all times relevant to this Complaint, there was an arrangement between the Defendants to share Plaintiff's services.

12. At all times relevant to this Complaint, Defendant's shared control of Plaintiff, directly or indirectly, because one of Defendants controls, or is controlled by, or is under common control with another Defendant.

13. Defendants are joint employers within the meaning 29 U.S.C. § 2611(4)(A) and 29 C.F.R. § 825.106.

14. The acts alleged in this Complaint fall within the matter jurisdiction of this Court pursuant to 29 U.S.C. § 2617(a)(2).

15. Venue is proper in the County of Ramsey, State of Minnesota, as all the Defendants have a registered office address in the County of Ramsey, State of Minnesota.

## FACTS

16. Plaintiff began working as in-house counsel for Defendants in February of 2022.

17. Beginning in the summer and fall of 2023, Plaintiff began to experience a disabling medical condition.

18. In late November of 2023 Plaintiff was issued a 60-day Performance Improvement Plan (PIP).

19. A month later, on December 20, 2023, Plaintiff disclosed that he was suffering from a medical condition and that he and his treating medical physicians had discussed the possibility of a medical leave.

20. Plaintiff was open and above-board about his disability, his work difficulties that resulted from his disability, and his potential need for medical leave.

21. Plaintiff's manager, Jennifer McCormack (McCormack) told him he had successfully completed his PIP two weeks early.

22. Plaintiff accomplished the metrics of the PIP.

23. McCormack advised Plaintiff that he was no longer on a PIP and he received written documentation of the same on or around January 12.

24. On January 22, 2024, Plaintiff advised McCormack of several upcoming medical appointments, on January 23, 26, and 30.

25. The next morning Plaintiff met with Matt Krush (Krush) and Stephen Sabo (Sabo) in a brief video call.

26. Krush and Sabo acknowledged that Plaintiff had passed his PIP.

27. Krush and Sabo confirmed they were aware of Plaintiff's medical issues and that Plaintiff had been exploring his leave options.

28. Krush and Sabo claimed that Plaintiff had missed some sort of deadline by not taking any action about his disability quickly enough—despite management knowing of his medical condition and his desire for leave.

29. Krush and Sabo told Plaintiff that he was told about "resources" available to him on December 20, 2023; and that he had not "pursued it in time."

30. Despite completing his PIP ahead of schedule, Krush and Sabo told Plaintiff that they *felt* he was not progressing as they *felt* was necessary.

31. Krush and Sabo terminated Plaintiff's employment without notice.

**COUNT I**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

32. Defendants, by and through its managers and officials acting on behalf of them, and within the scope of their employment or authority, interfered with, restrained, or denied Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*

33. Defendants, by and through their managers and officials acting on behalf of them, and within the scope of their employment or authority, discriminated against Plaintiff in violation of the FMLA, 29 U.S.C. § 2611 *et seq.*

34. Plaintiff exercised his statutory rights provided by the FMLA.

35. Defendants engaged in unlawful discriminatory employment practices by interfering with Plaintiff's ability to take FMLA leave and terminating his employment prior to his anticipated leave.

36. The unlawful employment practices complained of were intentional and were performed by Defendants with malice and/or reckless indifference.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from emotional distress, loss of wages and benefits, and other serious damages.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests that judgment be entered against Defendants for the following:

a. Declaring that Defendants' acts or omissions described in this Complaint constitute violations of applicable federal law which protect Plaintiff;

b. Enjoining Defendants and their employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

c. Requiring Defendants to make Plaintiff whole for its adverse, retaliatory, and discriminatory actions with compensatory damages and with interest of an appropriate inflation factor;

d. Awarding Plaintiff liquidated damages, attorneys' fees, costs, and disbursements pursuant to statute; and

e. Granting other and further relief as the Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*
Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551159988

## Service of Process Transmittal Summary

**TO:** Legal Process Shared
U.S. Bancorp
U.S. BANCORP CENTER, 800 NICOLLET MALL
MINNEAPOLIS, MN 55402-

**RE:** **Process Served in Minnesota**

**FOR:** US Bancorp Asset Management, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: Steven Van Liew // To: US Bancorp Asset Management, Inc.

**DOCUMENT(S) SERVED:** Summons, Complaint and Jury Demand, Attachment

**COURT/AGENCY:** Ramsey County - Second Judicial District Court, MN
Case # None Specified

**NATURE OF ACTION:** Employee Litigation - Wrongful Termination - 12/20/2023

**PROCESS SERVED ON:** C T Corporation System, Inc., Saint Paul, MN

**DATE/METHOD OF SERVICE:** By Process Server on 01/20/2026 at 14:57

**JURISDICTION SERVED:** Minnesota

**APPEARANCE OR ANSWER DUE:** Within 21 days of the date on which you received this Summons (Document(s) may contain additional answer dates)

**ATTORNEY(S)/SENDER(S):** Daniel Gray Leland
LELAND CONNERS PLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
612-255-2255

**ACTION ITEMS:** CT has retained the current log, Retain Date: 01/21/2026, Expected Purge Date: 01/26/2026

Image SOP

Email Notification, Legal Process Shared legal.process@usbank.com

**REGISTERED AGENT CONTACT:** C T Corporation System, Inc.
1010 Dale Street N
Saint Paul, MN 55117
8775647529
MajorAccountTeam2@wolterskluwer.com

**REMARKS:** Please note the process server underlined, circled, initialed and/or highlighted the entity name being served prior to receipt.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551159988

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 20, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | U.S. BANCORP ASSET MANAGEMENT, INC. |
| Case Number | |
| Jurisdiction | MN |

| Inserts | | |
|---|---|---|
| | | |

## Business Record Details »

Minnesota Business Name

**U.S. Bancorp Asset Management, Inc.**

**Business Type**
Business Corporation (Foreign)

**MN Statute**
303

**File Number**
110878

**Home Jurisdiction**
Delaware

**Filing Date**
05/01/2001

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117-5603
USA

**Registered Agent(s)**
CT Corporation System

**Chief Executive Officer**
Eric J. Thole
800 NICOLLET MALL
MINNEAPOLIS, MN 55402-7000
USA

Filing History

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

| ☐ | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 05/01/2001 | Original Filing - Business Corporation (Foreign) | |
| | 05/01/2001 | Business Corporation (Foreign) Business Name (Business Name: U.S. Bancorp Piper Jaffray Asset Management, Inc.) | |

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF RAMSEY SECOND JUDICIAL DISTRICT

---

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. ___________
Judge: ___________

Case type: Employment

**SUMMONS**

---

TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

LELAND CONNERS PLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
(612) 255-2255

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the

Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*

Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT

---

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. ___________
Judge: ___________

Case type: Employment

**COMPLAINT AND JURY DEMAND**

---

The Plaintiff, Steven Van Liew, for his Complaint against Defendants, states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Steven Van Liew ("Plaintiff"), is a natural person who resides in the State of Minnesota.

2. Defendant U.S. Bancorp is a Delaware business corporation licensed to do business in Minnesota.

3. Defendant U.S. Bancorp's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

4. Defendant U.S. Bancorp Asset Management, Inc., (USB Asset Management) is a Delaware Corporation licensed to do business in Minnesota.

5. Defendant USB Asset Management's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

6. PFM Asset Management, (PFM) is an assumed name owned by USB Asset Management.

7. Defendant Elavon, Inc. (Elavon) is a Georgia business corporation licensed to do business in Minnesota.

8. Defendant Elavon, Inc.'s registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

9. At all times relevant to this Complaint, Plaintiff and Defendants were "eligible employee" and "employer," respectively within the meaning of the federal Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq.*

10. At all times relevant to this Complaint, Plaintiff performed work for and received work instruction from Defendants.

11. At all times relevant to this Complaint, there was an arrangement between the Defendants to share Plaintiff's services.

12. At all times relevant to this Complaint, Defendant's shared control of Plaintiff, directly or indirectly, because one of Defendants controls, or is controlled by, or is under common control with another Defendant.

13. Defendants are joint employers within the meaning 29 U.S.C. § 2611(4)(A) and 29 C.F.R. § 825.106.

14. The acts alleged in this Complaint fall within the matter jurisdiction of this Court pursuant to 29 U.S.C. § 2617(a)(2).

15. Venue is proper in the County of Ramsey, State of Minnesota, as all the Defendants have a registered office address in the County of Ramsey, State of Minnesota.

## FACTS

16. Plaintiff began working as in-house counsel for Defendants in February of 2022.

17. Beginning in the summer and fall of 2023, Plaintiff began to experience a disabling medical condition.

18. In late November of 2023 Plaintiff was issued a 60-day Performance Improvement Plan (PIP).

19. A month later, on December 20, 2023, Plaintiff disclosed that he was suffering from a medical condition and that he and his treating medical physicians had discussed the possibility of a medical leave.

20. Plaintiff was open and above-board about his disability, his work difficulties that resulted from his disability, and his potential need for medical leave.

21. Plaintiff's manager, Jennifer McCormack (McCormack) told him he had successfully completed his PIP two weeks early.

22. Plaintiff accomplished the metrics of the PIP.

23. McCormack advised Plaintiff that he was no longer on a PIP and he received written documentation of the same on or around January 12.

24. On January 22, 2024, Plaintiff advised McCormack of several upcoming medical appointments, on January 23, 26, and 30.

25. The next morning Plaintiff met with Matt Krush (Krush) and Stephen Sabo (Sabo) in a brief video call.

26. Krush and Sabo acknowledged that Plaintiff had passed his PIP.

27. Krush and Sabo confirmed they were aware of Plaintiff's medical issues and that Plaintiff had been exploring his leave options.

28. Krush and Sabo claimed that Plaintiff had missed some sort of deadline by not taking any action about his disability quickly enough—despite management knowing of his medical condition and his desire for leave.

29. Krush and Sabo told Plaintiff that he was told about "resources" available to him on December 20, 2023; and that he had not "pursued it in time."

30. Despite completing his PIP ahead of schedule, Krush and Sabo told Plaintiff that they *felt* he was not progressing as they *felt* was necessary.

31. Krush and Sabo terminated Plaintiff's employment without notice.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

32. Defendants, by and through its managers and officials acting on behalf of them, and within the scope of their employment or authority, interfered with, restrained, or denied Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*

33. Defendants, by and through their managers and officials acting on behalf of them, and within the scope of their employment or authority, discriminated against Plaintiff in violation of the FMLA, 29 U.S.C. § 2611 *et seq.*

34. Plaintiff exercised his statutory rights provided by the FMLA.

35. Defendants engaged in unlawful discriminatory employment practices by interfering with Plaintiff's ability to take FMLA leave and terminating his employment prior to his anticipated leave.

36. The unlawful employment practices complained of were intentional and were performed by Defendants with malice and/or reckless indifference.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from emotional distress, loss of wages and benefits, and other serious damages.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests that judgment be entered against Defendants for the following:

a. Declaring that Defendants' acts or omissions described in this Complaint constitute violations of applicable federal law which protect Plaintiff;

b. Enjoining Defendants and their employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

c. Requiring Defendants to make Plaintiff whole for its adverse, retaliatory, and discriminatory actions with compensatory damages and with interest of an appropriate inflation factor;

d. Awarding Plaintiff liquidated damages, attorneys' fees, costs, and disbursements pursuant to statute; and

e. Granting other and further relief as the Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*
Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551160061

## Service of Process Transmittal Summary

**TO:** Legal Process Shared
U.S. Bancorp
U.S. BANCORP CENTER, 800 NICOLLET MALL
MINNEAPOLIS, MN 55402-

**RE:** **Process Served in Minnesota**

**FOR:** PFM Asset Management (Assumed Name) (Domestic State: DE)
US Bancorp Asset Management, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Steven Van Liew // To: PFM Asset Management |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Attachment |
| **COURT/AGENCY:** | Ramsey County - Second Judicial District Court, MN<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/20/2023 |
| **PROCESS SERVED ON:** | C T Corporation System, Inc., Saint Paul, MN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/20/2026 at 14:57 |
| **JURISDICTION SERVED:** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days of the date on which you received this Summons (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Daniel Gray Leland<br>LELAND CONNERS PLC<br>60 South Sixth Street, Suite 2800<br>Minneapolis, MN 55402<br>612-255-2255 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/21/2026, Expected Purge Date: 01/26/2026<br><br>Image SOP<br><br>Email Notification, Legal Process Shared legal.process@usbank.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System, Inc.<br>1010 Dale Street N<br>Saint Paul, MN 55117<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 20, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | PFM ASSET MANAGEMENT |
| Case Number | |
| Jurisdiction | MN |

| Inserts | | |
|---|---|---|
| | | |

## Business Record Details »

Minnesota Business Name
**PFM Asset Management**

**Business Type**
Assumed Name

**MN Statute**
333

**File Number**
1549015500026

**Home Jurisdiction**
Minnesota

**Filing Date**
3/10/2025

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Principal Place of Business Address**
800 Nicollet Mall
Minneapolis, MN 55402
USA

| Applicant | Applicant Address |
|---|---|
| U.S. BANCORP ASSET MANAGEMENT, INC. | 800 Nicollet Mall, Minneapolis, MN 55402 |

Filing History

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

| ☐ | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 3/10/2025 | Original Filing - Assumed Name (Business Name: PFM Asset Management) | |

© 2026 Office of the Minnesota Secretary of State - Terms & Conditions

The Office of the Secretary of State is an equal opportunity employer

Subscribe for email updates!
Vulnerability Disclosure

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. ___________
Judge: ___________

Case type: Employment

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

LELAND CONNERS PLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
(612) 255-2255

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the

Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 20, 2026

**LELAND CONNERS PLC**

/s/ *Daniel Gray Leland*
Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT

---

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. __________
Judge: __________

Case type: Employment

**COMPLAINT AND JURY DEMAND**

---

The Plaintiff, Steven Van Liew, for his Complaint against Defendants, states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Steven Van Liew ("Plaintiff"), is a natural person who resides in the State of Minnesota.

2. Defendant U.S. Bancorp is a Delaware business corporation licensed to do business in Minnesota.

3. Defendant U.S. Bancorp's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

4. Defendant U.S. Bancorp Asset Management, Inc., (USB Asset Management) is a Delaware Corporation licensed to do business in Minnesota.

5. Defendant USB Asset Management's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

6. PFM Asset Management, (PFM) is an assumed name owned by USB Asset Management.

7. Defendant Elavon, Inc. (Elavon) is a Georgia business corporation licensed to do business in Minnesota.

8. Defendant Elavon, Inc.'s registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

9. At all times relevant to this Complaint, Plaintiff and Defendants were "eligible employee" and "employer," respectively within the meaning of the federal Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq*.

10. At all times relevant to this Complaint, Plaintiff performed work for and received work instruction from Defendants.

11. At all times relevant to this Complaint, there was an arrangement between the Defendants to share Plaintiff's services.

12. At all times relevant to this Complaint, Defendant's shared control of Plaintiff, directly or indirectly, because one of Defendants controls, or is controlled by, or is under common control with another Defendant.

13. Defendants are joint employers within the meaning 29 U.S.C. § 2611(4)(A) and 29 C.F.R. § 825.106.

14. The acts alleged in this Complaint fall within the matter jurisdiction of this Court pursuant to 29 U.S.C. § 2617(a)(2).

15. Venue is proper in the County of Ramsey, State of Minnesota, as all the Defendants have a registered office address in the County of Ramsey, State of Minnesota.

## FACTS

16. Plaintiff began working as in-house counsel for Defendants in February of 2022.

17. Beginning in the summer and fall of 2023, Plaintiff began to experience a disabling medical condition.

18. In late November of 2023 Plaintiff was issued a 60-day Performance Improvement Plan (PIP).

19. A month later, on December 20, 2023, Plaintiff disclosed that he was suffering from a medical condition and that he and his treating medical physicians had discussed the possibility of a medical leave.

20. Plaintiff was open and above-board about his disability, his work difficulties that resulted from his disability, and his potential need for medical leave.

21. Plaintiff's manager, Jennifer McCormack (McCormack) told him he had successfully completed his PIP two weeks early.

22. Plaintiff accomplished the metrics of the PIP.

23. McCormack advised Plaintiff that he was no longer on a PIP and he received written documentation of the same on or around January 12.

24. On January 22, 2024, Plaintiff advised McCormack of several upcoming medical appointments, on January 23, 26, and 30.

25. The next morning Plaintiff met with Matt Krush (Krush) and Stephen Sabo (Sabo) in a brief video call.

26. Krush and Sabo acknowledged that Plaintiff had passed his PIP.

27. Krush and Sabo confirmed they were aware of Plaintiff's medical issues and that Plaintiff had been exploring his leave options.

28. Krush and Sabo claimed that Plaintiff had missed some sort of deadline by not taking any action about his disability quickly enough—despite management knowing of his medical condition and his desire for leave.

29. Krush and Sabo told Plaintiff that he was told about "resources" available to him on December 20, 2023; and that he had not "pursued it in time."

30. Despite completing his PIP ahead of schedule, Krush and Sabo told Plaintiff that they *felt* he was not progressing as they *felt* was necessary.

31. Krush and Sabo terminated Plaintiff's employment without notice.

**COUNT I**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

32. Defendants, by and through its managers and officials acting on behalf of them, and within the scope of their employment or authority, interfered with, restrained, or denied Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*

33. Defendants, by and through their managers and officials acting on behalf of them, and within the scope of their employment or authority, discriminated against Plaintiff in violation of the FMLA, 29 U.S.C. § 2611 *et seq.*

34. Plaintiff exercised his statutory rights provided by the FMLA.

35. Defendants engaged in unlawful discriminatory employment practices by interfering with Plaintiff's ability to take FMLA leave and terminating his employment prior to his anticipated leave.

36. The unlawful employment practices complained of were intentional and were performed by Defendants with malice and/or reckless indifference.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from emotional distress, loss of wages and benefits, and other serious damages.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests that judgment be entered against Defendants for the following:

a. Declaring that Defendants' acts or omissions described in this Complaint constitute violations of applicable federal law which protect Plaintiff;

b. Enjoining Defendants and their employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

c. Requiring Defendants to make Plaintiff whole for its adverse, retaliatory, and discriminatory actions with compensatory damages and with interest of an appropriate inflation factor;

d. Awarding Plaintiff liquidated damages, attorneys' fees, costs, and disbursements pursuant to statute; and

e. Granting other and further relief as the Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*

Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT

---

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. ___________
Judge: ___________

Case type: Employment

**SUMMONS**

---

TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

LELAND CONNERS PLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
(612) 255-2255

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the

Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*
Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT

---

Steven Van Liew,

Plaintiff,

v.

U.S. Bancorp,
US Bancorp Asset Management, Inc.,
PFM Asset Management,
Elavon, Inc.,

Defendants.

Court File No. __________
Judge: __________

Case type: Employment

**COMPLAINT AND JURY DEMAND**

---

The Plaintiff, Steven Van Liew, for his Complaint against Defendants, states and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff, Steven Van Liew ("Plaintiff"), is a natural person who resides in the State of Minnesota.

2. Defendant U.S. Bancorp is a Delaware business corporation licensed to do business in Minnesota.

3. Defendant U.S. Bancorp's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

4. Defendant U.S. Bancorp Asset Management, Inc., (USB Asset Management) is a Delaware Corporation licensed to do business in Minnesota.

5. Defendant USB Asset Management's registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

6. PFM Asset Management, (PFM) is an assumed name owned by USB Asset Management.

7. Defendant Elavon, Inc. (Elavon) is a Georgia business corporation licensed to do business in Minnesota.

8. Defendant Elavon, Inc.'s registered office address in Minnesota is in the County of Ramsey, State of Minnesota.

9. At all times relevant to this Complaint, Plaintiff and Defendants were "eligible employee" and "employer," respectively within the meaning of the federal Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq.*

10. At all times relevant to this Complaint, Plaintiff performed work for and received work instruction from Defendants.

11. At all times relevant to this Complaint, there was an arrangement between the Defendants to share Plaintiff's services.

12. At all times relevant to this Complaint, Defendant's shared control of Plaintiff, directly or indirectly, because one of Defendants controls, or is controlled by, or is under common control with another Defendant.

13. Defendants are joint employers within the meaning 29 U.S.C. § 2611(4)(A) and 29 C.F.R. § 825.106.

14. The acts alleged in this Complaint fall within the matter jurisdiction of this Court pursuant to 29 U.S.C. § 2617(a)(2).

15. Venue is proper in the County of Ramsey, State of Minnesota, as all the Defendants have a registered office address in the County of Ramsey, State of Minnesota.

## FACTS

16. Plaintiff began working as in-house counsel for Defendants in February of 2022.

17. Beginning in the summer and fall of 2023, Plaintiff began to experience a disabling medical condition.

18. In late November of 2023 Plaintiff was issued a 60-day Performance Improvement Plan (PIP).

19. A month later, on December 20, 2023, Plaintiff disclosed that he was suffering from a medical condition and that he and his treating medical physicians had discussed the possibility of a medical leave.

20. Plaintiff was open and above-board about his disability, his work difficulties that resulted from his disability, and his potential need for medical leave.

21. Plaintiff's manager, Jennifer McCormack (McCormack) told him he had successfully completed his PIP two weeks early.

22. Plaintiff accomplished the metrics of the PIP.

23. McCormack advised Plaintiff that he was no longer on a PIP and he received written documentation of the same on or around January 12.

24. On January 22, 2024, Plaintiff advised McCormack of several upcoming medical appointments, on January 23, 26, and 30.

25. The next morning Plaintiff met with Matt Krush (Krush) and Stephen Sabo (Sabo) in a brief video call.

26. Krush and Sabo acknowledged that Plaintiff had passed his PIP.

27. Krush and Sabo confirmed they were aware of Plaintiff's medical issues and that Plaintiff had been exploring his leave options.

28. Krush and Sabo claimed that Plaintiff had missed some sort of deadline by not taking any action about his disability quickly enough—despite management knowing of his medical condition and his desire for leave.

29. Krush and Sabo told Plaintiff that he was told about "resources" available to him on December 20, 2023; and that he had not "pursued it in time."

30. Despite completing his PIP ahead of schedule, Krush and Sabo told Plaintiff that they *felt* he was not progressing as they *felt* was necessary.

31. Krush and Sabo terminated Plaintiff's employment without notice.

## COUNT I
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

32. Defendants, by and through its managers and officials acting on behalf of them, and within the scope of their employment or authority, interfered with, restrained, or denied Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*

33. Defendants, by and through their managers and officials acting on behalf of them, and within the scope of their employment or authority, discriminated against Plaintiff in violation of the FMLA, 29 U.S.C. § 2611 *et seq.*

34. Plaintiff exercised his statutory rights provided by the FMLA.

35. Defendants engaged in unlawful discriminatory employment practices by interfering with Plaintiff's ability to take FMLA leave and terminating his employment prior to his anticipated leave.

36. The unlawful employment practices complained of were intentional and were performed by Defendants with malice and/or reckless indifference.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from emotional distress, loss of wages and benefits, and other serious damages.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests that judgment be entered against Defendants for the following:

a. Declaring that Defendants' acts or omissions described in this Complaint constitute violations of applicable federal law which protect Plaintiff;

b. Enjoining Defendants and their employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

c. Requiring Defendants to make Plaintiff whole for its adverse, retaliatory, and discriminatory actions with compensatory damages and with interest of an appropriate inflation factor;

d. Awarding Plaintiff liquidated damages, attorneys' fees, costs, and disbursements pursuant to statute; and

e. Granting other and further relief as the Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Dated: January 20, 2026

**LELAND CONNERS PLC**

*/s/ Daniel Gray Leland*
Daniel Gray Leland (MN 389027)
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 255-2255
Email: dan@lelandconners.com

***Attorneys for Plaintiff***

**Lisa Inthirath**

| | |
|---|---|
| **From:** | Daniel Leland <dan@lelandconners.com> |
| **Sent:** | Tuesday, January 20, 2026 9:26 AM |
| **To:** | Service Box |
| **Cc:** | Jeremy Reichenberger |
| **Subject:** | Re: Service of Summons and Complaint |
| **Attachments:** | Van Liew, Complaint.pdf; Van Liew, Summons.pdf |

Thanks for letting me know. I am attaching a revised Summons and Complaint that have changed the caption simply to "PFM Asset Management." It is an assumed name owned by US Bancorp Asset Management, Inc., one of the other named Defendants.

Please serve today. Thanks!

On Tue, Jan 20, 2026 at 9:00 AM Service Box <service@metrolegal.com> wrote:

> Good morning,
>
> Your request has been received. I do have a couple of questions.
>
> 1. What is the deadline or time frame for service?
> 2. Do you have documentation showing CT Corporation System being the registered agent for "PFM Asset Management LLC"? I did a search on the MN Secretary of State website and could not find a listing for "PFM Asset Management LLC". The only entity with a name close to it is "PFM Asset Management", without the LLC. And they don't list CT Corporation as their registered agent. Here is the search result: https://mblsportal.sos.mn.gov/Business/SearchDetails?filingGuid=37ed8b36-e3fd-ef11-908e-00155d01c440
>
> If we go there to serve the entity you listed, there is a chance they will reject the documents.
>
> Please let me know how you wish to proceed.
>
> Thank you.
>
> **Lisa Inthirath**
>
> **Customer Service Representative**
>
> **Metro Legal Services**

616 South 3rd Street

Minneapolis, MN 55415

Direct: 612-349-9517

Main: 612-332-0202

minthirath@metrolegal.com

www.metrolegal.com

Legal Process Service | Nationally Arranged Service | Public Records Searches

Private Investigations | Document Retrievals | Court Filings | Skip Tracing

Real Property Recordings | Courier Service | Mobile Notary Service

---

**From:** Daniel Leland <dan@lelandconners.com>
**Sent:** Monday, January 19, 2026 5:10 PM
**To:** Service Box <service@metrolegal.com>
**Cc:** Jeremy Reichenberger <jeremy@lelandconners.com>
**Subject:** Service of Summons and Complaint

Attached are a Summons and Complaint to be served on 4 different companies.

All can served at:

CT Corp

1010 Dale St N
St Paul, MN 55117-5603

Let me know if there are any questions or issues. Thanks!

--

**Daniel Gray Leland | Partner**
60 South Sixth Street, Suite 2800 | Minneapolis, MN 55402
T: 612.255.2255
dan@lelandconners.com

***CONFIDENTIAL COMMUNICATION:*** *This is a transmission from Leland Conners PLC. This email and any attachments may contain information that is privileged, confidential, and/or protected from disclosure. If you suspect you received this email in error, please notify us immediately at 612.255.2255 and destroy this email and any attachments without reading, saving, or transmitting it.*

--

**Daniel Gray Leland | Partner**
60 South Sixth Street, Suite 2800 | Minneapolis, MN 55402
T: 612.255.2255
dan@lelandconners.com

***CONFIDENTIAL COMMUNICATION:*** *This is a transmission from Leland Conners PLC. This email and any attachments may contain information that is privileged, confidential, and/or protected from disclosure. If you suspect you received this email in error, please notify us immediately at 612.255.2255 and destroy this email and any attachments without reading, saving, or transmitting it.*

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551160082

## Service of Process Transmittal Summary

**TO:** Craig Troutman, Esq.
Elavon, Inc.
7300 Chapman Hwy
Knoxville, TN 37920-6612

**RE:** **Process Served in Minnesota**

**FOR:** Elavon, Inc. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Steven Van Liew // To: Elavon, Inc. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Summons, Complaint and Jury Demand |
| **COURT/AGENCY:** | Ramsey County - Second Judicial District Court, MN<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, Inc., Saint Paul, MN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/20/2026 at 14:57 |
| **JURISDICTION SERVED:** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Daniel Gray Leland<br>LELAND CONNERS PLC<br>60 South Sixth Street<br>Suite 2800<br>Minneapolis, MN 55402<br>612-255-2255 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780125875557<br><br>Image SOP<br><br>Email Notification, Craig Troutman craig.troutman@elavon.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System, Inc.<br>1010 Dale Street N<br>Saint Paul, MN 55117<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | Date of termination not given in document(s) |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551160082

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 20, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | ELAVON, INC. |
| Case Number | |
| Jurisdiction | MN |

| Inserts | | |
|---|---|---|
| | | |

## Business Record Details »

Minnesota Business Name
**ELAVON, INC.**

**Business Type**
Business Corporation (Foreign)

**MN Statute**
303

**File Number**
73893

**Home Jurisdiction**
Georgia

**Filing Date**
12/05/1994

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117-5603
USA

**Registered Agent(s)**
C T Corporation System Inc

**Chief Executive Officer**
James S Walker
2 CONCOURSE PKWY STE 800
ATLANTA, GA 30328-5588
USA

Filing History

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

| ☐ | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 12/05/1994 | Original Filing - Business Corporation (Foreign) | |
| | 12/05/1994 | Business Corporation (Foreign) Business Name (Business Name: NOVA Information Systems, Inc.) | |
| ☐ | 08/30/1996 | Registered Office and/or Agent - Business Corporation (Foreign) | |