UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Van Liew,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bancorp, U.S. Bancorp Asset Management, Inc., PFM Asset Management, Elavon, Inc.,<br><br>Defendants. | Case No. 0:26-cv-01304-KMM-EMB<br><br>**DEFENDANTS' PROPOSED RULE 26(f) REPORT** |

Consistent with Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26.1, and this Court's Order for Pretrial Conference (ECF Doc. 9), counsel for Defendants U.S. Bancorp, U.S. Bancorp Asset Management, Inc., PFM Asset Management, and Elavon, Inc. emailed counsel for Plaintiff Steven Van Liew (Attorney Daniel Leland) early in the morning on March 18, 2026, providing him a copy of Defendants' Proposed Rule 26(f) Report and asking for time to confer via telephone on March 19 or 20 so as to meet the Court's March 23, 2026 filing deadline. After no response was received, an additional email was sent to Mr. Leland on the morning of March 20, 2026, asking for time to confer on this Report. To date, no response has been received. Defendants thus submit this as their Proposed Rule 26(f) Report.

The initial Pretrial Conference in this matter is scheduled for March 30, 2026, before United States Magistrate Judge Elsa Bullard, via Zoom.

**DESCRIPTION OF THE CASE**

1. Concise factual summary of Plaintiff's claims:

[Plaintiff to insert].

2. Concise factual summary of Defendants' claims/defenses:

Defendants have filed a motion for judgment on the pleadings, which is pending before this Court. Regarding a concise factual summary, none of the named Defendants were ever Mr. Van Liew's employer. Even if they were, and they were not, all actions taken with

respect to Mr. Van Liew and his employment by his actual sole employer were lawful and proper, including the termination of his employment – which was due to Mr. Van Liew's unsatisfactory job performance.

Defendants maintain that Mr. Van Liew will be unable to establish his sole claim of interference with rights under the Family and Medical Leave Act ("FMLA") because Mr. Van Liew (1) failed to sue his employer, (2) never engaged in activity protected under the FMLA (i.e., he never sought leave or any other accommodation under the FMLA and never submitted any doctor's notes or medical documentation), and (3) cannot show a causal connection between any allegedly protected activity and his termination from employment. Rather, Mr. Van Liew's employment was terminated due to his inadequate job performance, which demonstrably predated his alleged disclosure of a medical condition.

Defendants deny that they or any of their employees engaged in unlawful behavior or practices and deny any wrongdoing whatsoever with respect to Mr. Van Liew.

3. Statement of jurisdiction (including statutory citations):

This Court has original jurisdiction over this case under 28 U.S.C. § 1331 because the sole alleged claim in this matter is one arising under federal law, specifically, the FMLA.

4. Summary of factual stipulations or agreements:

Mr. Van Liew was placed on a Performance Improvement Plan ("PIP") by his employer on or around November 24, 2023. *See* ECF Doc. 8, Ex. A.

Mr. Van Liew was removed from the PIP on January 12, 2024 by his employer. *See* ECF Doc. 8, Ex. B.

Mr. Van Liew was terminated from employment on January 23, 2024 by his employer.

Mr. Van Liew never requested FMLA leave (or any other type of medical leave) from his employer, never requested any accommodation, and never submitted to his employer any doctor's note or medical documentation.

Mr. Van Liew never mentioned any medical issues or conditions to anyone at his employer until after he was placed on the PIP.

5. Statement of whether a jury trial has been timely demanded by any party:

Plaintiff has timely demanded a jury trial.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

All process has been served and all pleadings (Complaint and Answer) have been filed. There is no plan by any Party to amend the pleadings. Defendants have filed a motion for judgment on the pleadings, which is pending before this Court, and if granted, would result in the dismissal of this case in its entirety.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured;

Defendants are not aware of an insurance policy applicable to this matter.

8. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The Parties do not agree to the Expedited Trial process.

**FACT DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

1. The Parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before April 1, 2026.

2. The Parties must commence fact discovery in time to be completed by February 1, 2027.

3. The Parties do not believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others, except that discovery should not begin until after this Court has ruled on and decided the pending motion for judgment on the pleadings.

4. The Parties propose that the Court limit the number of discovery procedures as follows:

   a. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each Party.[1]

   b. No more than 30 document requests shall be served by each Party. The Parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   c. No more than 20 requests for admission shall be served by each Party.

5. No more than 1 Rule 35 Medical Examination shall be taken by Defendant and completed by February 1, 2027.

6. No more than five depositions, excluding expert depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

   The parties have reached the following additional agreements concerning the taking of depositions: All depositions will be stenographically transcribed in real time. All depositions shall be limited to seven hours (excluding breaks off the record) and to one day (i.e., no deposition will occur on more than one day). Plaintiff shall serve his desired 30(b)(6) deposition topics at least thirty days before the 30(b)(6)

[1] For purposes of the proposed discovery limitations, each Defendant counts as a separate "Party."

deposition is to occur to allow Defendants to respond and object to the topics and prepare for the deposition.

8. The Parties have agreed upon the following additional limitations on discovery procedures: None.

9. Defendants state that fact discovery of them will be very limited as they were not Plaintiff's employer and any documents will need to be subpoenaed from non-party U.S. Bank National Association.

**EXPERT DISCOVERY**

The parties anticipate that they will require expert witnesses at the time of trial.

1. Plaintiff anticipates calling up to [Plaintiff to insert] expert(s). Defendants anticipate calling up to 2 experts.

2. Disclosure of the identities for expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a. Identities by Plaintiff on or before November 2, 2026.

       Disclosures by Plaintiff on or before December 1, 2026.

    b. Identities by Defendants on or before January 4, 2027.

       Disclosures by Defendants on or before February 14, 2027.

    c. Rebuttal identities and disclosures on or before April 1, 2027.

3. Expert discovery, including depositions, shall be completed by May 3, 2027.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

Discovery of Electronically Stored Information. The Parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the Scheduling Order: The Parties do not believe an ESI protocol is necessary at this juncture, but will jointly develop an ESI protocol if and when the need arises.

**NON-DISPOSITIVE MOTION DEADLINE**

The parties propose the following deadlines for filing motions:

1. Except as provided in paragraphs 2 and 3 below, all motions to amend the pleadings must be filed and served on or before May 1, 2026.
2. All motions that seek to add parties must be filed and served on or before May 1, 2026.
3. All motions that seek to amend the pleadings to add punitive damages, if applicable, must be filed and served on or before September 1, 2026.
4. Except as provided in paragraph 5 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before February 15, 2027.
5. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before May 17, 2027.

**DISPOSITIVE MOTION DEADLINES**

The Parties do not believe that expert discovery must be completed before dispositive motions are filed. The Parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before June 1, 2027.

**PRIVILEGE/PROTECTION**

The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and do request the Court to include the following agreement in the Scheduling Order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information

that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: N/A.

**PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [NOTE: The Court provides its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-OrderForm.pdf or http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The Parties Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows: Defendants do not believe a mediation or settlement conference would be

productive until, at a minimum, after the Court rules on Defendants' motion for judgment on the pleadings.

2. Each party will email to Magistrate Judge Bullard's chambers, no later than one (1) week before the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Bullard in planning or furthering early settlement efforts. [NOTE: This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Bullard for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**TRIAL**

1. The Parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

2. The Parties agree that this case will be ready for trial October 11, 2027. The anticipated length of the jury trial is five days.

Dated: March 23, 2026

DORSEY & WHITNEY LLP

*/s/ Edward B. Magarian*
Briana Al Taqatqa (#0399716)
altaqatqa.briana@dorsey.com
Edward B. Magarian (#0208796)
magarian.edward@dorsey.com
Grace F. Jacobson (#0403618)
jacobson.grace@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

Facsimile: (612) 340-2868

Attorneys for Defendants U.S. Bancorp,
U.S. Bancorp Asset Management, Inc.,
PFM Asset Management, and
Elavon, Inc.